The next case today is Francisco Reyes-Caparros v. Merrick B. Garland, appeal number 20-1792. Attorney Lopez, please introduce yourself for the record and proceed with your argument. Good morning. My name is Vamily Lopez-Ortiz, attorney for appellant. I would like to reserve two minutes for rebuttal, please. Two minutes. You may have it. Thank you. May I please have the court? Chris Sayed. In this case, your honor, we went to jury on a case of retaliation and constructive discharge, and we received a jury verdict for retaliation and constructive discharge. The issue is post-verdict, and it relates to the remedies available for constructive discharge, mainly back pay and front pay. Well, excuse me, counsel, because I think that we can't skip over the jury verdict quite so blithely. The issue of constructive discharge, as I understand it, was submitted to the jury on a verdict form that was labeled advisory, and under instructions from the district court that the jury's verdict on that issue would be advisory. Are those true facts? It was submitted to the jury with an instruction that they were not to award damages. The position of our position plaintiffs... Now, I know what your position is, but what bothers me, the first thing that bothers me, is the constructive discharge issue was given to the jury on a purely advisory basis without objection from your client, from the plaintiff, as far as I can tell. And yet your argument in this court wants us to treat that verdict not as advisory, but as we would treat any other jury verdict. Yes, your honor, but we did not submit this case, the issue of constructive discharge, as advisory. The plaintiff's position was consistent, and if you go to the transcript... Excuse me, was there an objection to the verdict form that labeled it as advisory? There was an explanation of what we understood the judge was doing, and it is included in the transcript of the jury charge conference. Ms. Lopez, you would do yourself a favor if there were greater candor on your part about what the record shows. I read the record as Judge Selya did. I also read that there was no objection made. Can we agree that there was no objection made? Yes or no? No, we cannot agree on that because... All right, we will take that no. Now, let's assume that the court is correct and you are incorrect. All right, let us assume it was merely advisory. Now you may make a two-part argument. The first is, if it was advisory, how does that affect your argument as to remedy? And then you may proceed to assume it was not advisory and then make your argument. All right? If it was advisory, Your Honor, then our... First, I should say that this is an issue that has to be decided by the jury. So in order for it to be advisory, plaintiff would have had to renounce to the right to have the issue of constructive discharge decided by a jury, and that did not happen. What was reserved for the jury... Miss, you seem to have missed the point. You are now arguing it couldn't have been advisory. I have asked you to assume that it was advisory and then make your argument. If the verdict on constructive discharge was advisory, still, before rejecting the advisory verdict, the judge could not make determinations of credibility and have to explain his decision, which he did not, because he did not follow the standard to review that advisory verdict. Even if the verdict is advisory, when a judge is going to reject an advisory verdict, the judge must explain why is it rejecting the advisory verdict. The court did not explain that. The court simply said that it believed that what the jury considered and considered it to be constructive discharge, which was in the same line as the retaliation... Four minutes remaining. But Judge LaPlante laid out his reasoning. It was too remote. The alleged retaliation was too remote in time. Your client retained the same position, the same title, the same salary, and that he made a free choice to want to practice private law, and he made the specific finding that it was not intolerable conditions, which is what would be required for constructive discharge. I guess I'm having a hard time finding where you say that Judge LaPlante did not set forth the basis for his rejection of the advisory opinion. Because the facts that Judge LaPlante considered were not the facts that we discussed throughout the various memoranda that were submitted to the judge. The judge LaPlante, to address the timing, the situation of too far in time, there was various EEO protected activities throughout the years of harassment, which is a hostile work harassment claim, and there were adverse actions close in time to each of those EEO protected activities. The last adverse action, which is the most critical of them all, was the constructive discharge. That constructive discharge happened just after the last EEO complaint amendment filed by Francisco Reyes-Caparros. He filed three EEOs, and after each EEO complaint there were adverse actions. He asked Rosemilla, the U.S. attorney of Puerto Rico at the time, to be reinstated to his position because the investigation that OIG had commenced had clearly ended, and this is in January of 2015, 2014. And Rosemilla says, no, I have to take into consideration other things. Francisco had just filed other complaints of EEOs, so the issue of too far in time does not relate to the facts as they were presented to the jury as to the intensity. I made this reference in the memorandum that I wrote. Francisco testified that he had was – he testified himself there, sitting there, and subjected to cross-examination by the government, that he was trying, he had been exiled to do social security case in another place, not in the U.S. attorney's office, that he was doing work that did not correspond to what he was supposed to be doing, that he was not doing his job as intelligence specialist, that he had been asking to be returned, that he was subjected to reiterated disciplinary actions, suspensions, memoranda, etc. Each of those, an EEO, a separate EEO, an adverse action, and that he sat down and he said, what else do I have to do? If I keep working here, I am going to get sick and I'm going to go crazy. Either I quit or I continue and get crazy. That was his determination at the time. So, and most importantly, your honor, in this case, the government withdrew the appeal on the verdict. So, whatever questioning they had on the facts that the jury took into consideration, that questioning was withdrawn by the government. So, the government is not questioning the facts. Oh, no, that's not fair to say. They're not questioning the verdict on retaliation and discrimination. That doesn't mean they agree with the facts. That means that they've recognized that given the standard of review, they would have difficulty overturning that verdict on appeal. That's not an agreement with the facts. Now, the second part of the question by Judge Lynch was, if the advisory verdict was not supposed to happen, if it goes up to the district… That's time. I'm sorry, you've used your time. You have two minutes rebuttal later. We'll hear from the government now. Thank you, Attorney Lopez-Ortiz. Please mute your audio and video at this time. And, Attorney Janda, please unmute your audio and video and introduce yourself on the record to begin. Good morning, your honors, and may it please the court. Sean Janda for the Attorney General. I think it might be helpful to start just by taking a step back to focus on the only thing at issue in this appeal, which is plaintiff's contention that he was constructively discharged and so entitled to back pay and front pay. Now, consistent with Congress's determination that employees generally must continue in their jobs while they proceed through the administrative and judicial processes, demonstrating a constructive discharge is a very challenging hurdle for a plaintiff to clear. This court has explained that a plaintiff can only meet that high bar by showing that working conditions were so abusive or intolerable that a reasonable person in a plaintiff's position would have felt compelled to resign. The district court correctly determined that the plaintiff here didn't make that showing. His resignation occurred months or years after the various instances of alleged retaliatory conduct. He maintained the same position and salary throughout that conduct. He resigned as part of a long-running intention to begin practicing as a lawyer. And quite simply, none of the alleged retaliatory actions alone or in combination are the sort of abusive or intolerant employment actions that would support a constructive discharge. Well, but counsel, what that rendition overlooks is the plaintiff's allegation that in reaching those conclusions, the district court did not give the weight to the jury's verdict that it should have given. And it seems to me that's where this case is going to turn, the allegation that is before us, the argument that is before us, that given the jury's finding of constructive discharge, the district court needed to do more than it did to overturn it. Right, Your Honor. So we have two responses to that. So first is that the plaintiff's argument that he was entitled to a jury verdict from the outset on constructive discharge is simply incorrect. Title VII places the responsibility for resolving entitlement to equitable relief, including back pay and front pay, with the trial court and not with the jury. And so consistent with that determination, the judge from the very beginning was free to make its own factual findings to determine whether back pay and front pay were available in this case. But the issue was submitted to the jury. Correct. So the judge provided the jury with the opportunity to return an advisory verdict on that question. And so I think Federal Rule Civil Procedure 39 makes clear that an advisory verdict is just that. It's advisory. The judge is free to accept it or reject it and isn't required to give it the sort of deference that a judge would give a jury verdict. Did the judge instruct the jury, tell the jury that its verdict on that issue was to be advisory? Yes, Your Honor. And was there an objection to that when the judge gave that instruction? No, Your Honor. Okay. Excuse me. Did the verdict form make clear that the verdict on constructive discharge was to be advisory? Yes, Your Honor. And was there an objection to the verdict form when the judge showed the verdict form to the lawyers and said, this is the verdict form that I'm going to use? Not as to that portion. Okay. No. Okay. Thank you. And the two places that I would look in the record, if you want to assure yourselves of that, are Appendix 224, which has the verdict form that clearly labels this question as advisory. Appendix 2879 to 2880, which is the jury instructions where the court reiterates to the jury in the course of the instructions that its verdict on this question will be advisory. And then the charge in conference, which is the relevant portion at 2894 to 97, which is where the judge goes through this issue with the lawyers, and there is no objection to labeling this as advisory. And so I think at the absolute least, even if there may have been some question about whether this ought to have been an advisory verdict at one point, which we don't think there was because of the way that Title VII divides responsibility, certainly the judge made his view on whether this would be advisory clear, and the plaintiff never objected. And in fact, affirmatively told the judge during the charge in conference that the verdict would not be advisory. Mr. John, just in terms of the legal principles involved, putting aside the conception of this as waiver for failing to object, it seems to me in the absence of any sort of objection and the jury clearly understanding at most its views are advisory, that any burden of explanation on the district court must be lesser because the situation as it's set up is everyone going into this, including the jury, understands that the judge is making the final determination and that at most the jury is giving some advice to the judge. That to me would be a sensible rule. Do you know if there's any case law on this point? So I don't know in this context, Your Honor, and we certainly haven't advanced that argument in those terms. My memory is that there's case law in the criminal context that if a jury in the criminal context isn't aware of the consequences of its verdict, that can present a problem. Four minutes remaining. Four minutes. Transfer entirely to this context. That doesn't seem like a good analogy, but thank you very much. Yes, I apologize. I don't have any more specific case law in this context. Do you have further argument for us? I think that would be most of what I would have to say. Otherwise, we are happy to rest on our briefs if the court doesn't have other questions. Okay, it appears not. Thank you, Mr. Janda. Thank you. Attorney Janda, please mute your audio and video at this time. Attorney Lopez-Ortiz, please unmute your audio and video and reintroduce yourself on the record to begin. Jane, Vamily Lopez-Ortiz from Puerto Rico. I don't know if you can hear me because I lost half of the argument and I have to get out and rejoin. We can hear you, yes. Proceed. Great. Thank you. I wanted to clarify something which is very important for me. When the court used the reference to special verdict, what we said, we meaning me who was the trial attorney said, is that the court needed a factual decision upon which to attach the court's discretion to grant back and front pay. But that the decision, the factual decision, if there was constructive discharge or not, belonged to the jury and should be given to the jury. Because originally, defendant had objected to the instruction of constructive discharge. And I argue on the constructive discharge instruction on that basis. That the factual decision of constructive discharge belonged to the jury and the jury had to make that decision. And once that decision was made, the court had entire discretion regarding the remedies of back and front pay. In that context, that is what I understood the special verdict to be. Not that we were in some case renouncing to have a jury determine if there was constructive discharge or not. That is why we insisted on the objection. And that is why the court gave the, we insisted in the instruction. And that is why the court gave the instruction on constructive discharge. And in order to solve the situation, it was labeled special because the jury was not going to award damages related to the constructive discharge. But the person that was going to award damages was the judge, not the jury. That was the speciality of the verdict that was submitted to the jury. It strikes me that even in a purely advisory situation, of course the judge has to instruct the jury on the elements of constructive discharge. How else can they come up with an advisory verdict? It does not seem to me that that preserves the objection that you are now trying to preserve. It does, Your Honor, because the position of the government was that no instruction on constructive discharge had to be given because that was going to be reserved for the judge. And I argue that even though the damages... Well, I understand. We'll take a look at the record on that point on what the government actually argued. Okay. Do you have anything else? Okay. Thank you. Have a good day. Thank you. You too. Bye-bye. That concludes arguments in this case. Attorney Lopez and Attorney Janda should disconnect from the hearing at this time.